Ramsey M. Al-Salam, CA Bar No. 109506
RAlsalam@perkinscoie.com
Ruben Tyler Kendrick, *pro hac vice*
RKendrick@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Miguel J. Bombach, CA Bar No. 274287
MBombach@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

Attorneys for Defendant
ToughBuilt Industries, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN (SANTA ANA) DIVISION

| | |
|---|---|
| MERIDIAN INTERNATIONAL CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TOUGHBUILT INDUSTRIES, INC., <br><br> Defendant. | Case No. 8:24-cv-01840-JWH-JDE <br><br> [REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL] <br><br> DEFENDANT TOUGHBUILT INDUSTRIES, INC.'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT <br><br> Judge: John W. Holcomb |

In response to the Complaint, Defendant ToughBuilt Industries, Inc. ("ToughBuilt") hereby alleges as follows:

**PARTIES**

1. With respect to paragraph one, ToughBuilt lacks knowledge or

information sufficient to form a belief about the truth of the allegations, and, on that basis, denies them.

2. With respect to paragraph two, the allegations are admitted.

## FACTUAL ALLEGATIONS

### Background of Meridian

3. With respect to paragraph three, ToughBuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

4. With respect to paragraph four, ToughBuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

5. With respect to paragraph five, ToughBuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

### Jurisdiction and Venue

6. With respect to paragraph 6, the allegations are admitted.

7. With respect to paragraph 7, the allegations are admitted.

8. With respect to paragraph 8, ToughBuilt denies that it has committed any acts of infringement, but admits that venue is proper in this District.

### The Patents-in-Suit

9. With respect to paragraph 9, ToughBuilt admits that Exhibit A to the Complaint appears to be a copy U.S. Patent No. 11,986,946 ("the '946 patent"). ToughBuilt lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 of the Complaint and, on that basis, denies them.

10. With respect to paragraph 10, ToughBuilt admits that Exhibit B to the Complaint purports to be a copy U.S. Patent No. 11,192,689 ("the '689 patent"). ToughBuilt lacks knowledge or information sufficient to form a belief about the truth

of the remaining allegations in Paragraph 10 of the Complaint and, on that basis, denies them.

**Defendant's Wrongful Conduct Pertaining to the '946 Patent**

11. With respect to paragraph 11, ToughBuilt is without knowledge or information sufficient to form a belief about whether its products directly compete with offerings from Meridian, but admits the remaining allegations.

12. With respect to paragraph 12, the allegations are denied.

13. With respect to paragraph 13, ToughBuilt admits that it offers for sale the listed products, but denies that they infringe any of Plaintiff's rights.

14. With respect to paragraph 14, ToughBuilt admits that the URL links to a page on ToughBuilt's website that lists products.

15. With respect to paragraph 15, the allegations are admitted.

16. With respect to paragraph 16, the allegations are denied.

17. With respect to paragraph 17, ToughBuilt admits that the paragraph quotes the claim but denies that the claim reads on the accused products.

18. With respect to paragraph 18, the allegations are admitted.

19. With respect to paragraph 19, the allegations are admitted.

20. With respect to paragraph 20, ToughBuilt admits that the pictures appear to be of ToughBuilt boxes, and that the boxes are able to be connected together. ToughBuilt lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20 of the Complaint and, on that basis, denies them.

21. With respect to paragraph 21, the allegations are admitted.

22. With respect to paragraph 22, ToughBuilt admits that the image appears to be of a ToughBuilt box. The remaining allegations turn on the meaning of certain elements of claim 1 of the '946 patent. ToughBuilt acknowledges that Meridian is attempting to map those elements onto the ToughBuilt box, but denies any allegation of infringement.

23. With respect to paragraph 23, ToughBuilt admits that the image appears to be of a ToughBuilt box. The remaining allegations turn on the meaning of certain elements of claim 1 of the '946 patent. ToughBuilt acknowledges that Meridian is attempting to map those elements onto the ToughBuilt box but denies any allegation of infringement.

24. With respect to paragraph 24, the allegations are admitted.

25. With respect to paragraph 25, ToughBuilt admits that the image appears to be of a ToughBuilt box. The remaining allegations turn on the meaning of certain elements of claim 1 of the '946 patent. ToughBuilt acknowledges that Meridian is attempting to map those elements onto the ToughBuilt box, but denies any allegation of infringement.

26. With respect to paragraph 26, the allegations are admitted.

27. With respect to paragraph 27, ToughBuilt admits that the images appear to be of a ToughBuilt box. The remaining allegations turn on the meaning of certain elements of claim 1 of the '946 patent. ToughBuilt acknowledges that Meridian is attempting to map those elements onto the ToughBuilt box, but denies any allegation of infringement

28. With respect to paragraph 28, the allegations are admitted.

29. With respect to paragraph 29, ToughBuilt admits that the images appears to be of a ToughBuilt box and that the paragraph generally describes the locking mechanism on the box. The remaining allegations turn on the meaning of certain elements of claim 1 of the '946 patent. ToughBuilt acknowledges that Meridian is attempting to map those elements onto the ToughBuilt box but denies any allegation of infringement.

30. With respect to paragraph 30, the allegations are admitted.

31. With respect to paragraph 31, ToughBuilt admits that the images appear to be of a ToughBuilt box. The remaining allegations turn on the meaning of certain elements of claim 1 of the '946 patent. ToughBuilt acknowledges that Meridian is

attempting to map those elements onto the ToughBuilt box, but denies any allegation of infringement.

33. With respect to paragraph 32, the allegations are admitted.

34. With respect to paragraph 33, ToughBuilt admits that the image appears to be a ToughBuilt box. The remaining allegations turn on the meaning of certain elements of claim 1 of the '946 patent. ToughBuilt acknowledges that Meridian is attempting to add those elements onto the ToughBuilt box, but denies any allegation of infringement.

34. With respect to paragraph 34, ToughBuilt admits that the image appears to be of a ToughBuilt box. The remaining allegations turn on the meaning of certain elements of claim 1 of the '946 patent. ToughBuilt acknowledges that Meridian is attempting to map those elements onto the ToughBuilt box, but denies any allegation of infringement.

35. With respect to paragraph 35, ToughBuilt admits that its storage boxes have the common features described but denies that any such storage boxes infringe the claims.

36. With respect to paragraph 36, ToughBuilt admits that it has sold CaseStack tool bags to Lowe's Companies, Inc., and that the CaseStack tool bags are configured to connect with other Lowe's Kobalt toolboxes.

37. With respect to paragraph 37, ToughBuilt admits that it has made and sold these specific Kobalt CaseStack tool bags.

38. With respect to paragraph 38, ToughBuilt lacks knowledge or information sufficient to form a belief about the truth of what "mechanisms" Meridian is referencing and whether they are "in accordance" with the '689 patent and, on that basis, denies the allegations.

39. With respect to paragraph 39, ToughBuilt admits that the tool bags are intended to connect to other CaseStack products but denies any allegation of infringement.

-5-
8:24-cv-01840-JWH-JDE

40. With respect to paragraph 40, ToughBuilt admits that it makes the tool bags and sells them to Lowe's Companies.

**Defendant's Wrongful Conduct Pertaining to the '689 Patent**

41. With respect to paragraph 41, these allegations are denied.

42. With respect to paragraph 42, ToughBuilt admits that it sold the accused tool bags to Lowe's, and that Lowe's sells them at numerous stores.

43. With respect to paragraph 43, the allegations are denied.

44. With respect to paragraph 44, ToughBuilt admits that the paragraph quotes the claim but any allegations of infringement are denied.

45. With respect to paragraph 45, the allegations are admitted.

46. With respect to paragraph 46, ToughBuilt admits that the image is of a Kobalt tool bag and that it can be part of a "stackable storage system."

47. With respect to paragraph 47, ToughBuilt admits the image appears to be of a Kobalt tool bag and that it can be a storage container.

48. With respect to paragraph 48, the allegations are admitted.

49. With respect to paragraph 49, the allegations are admitted.

50. With respect to paragraph 50, ToughBuilt admits that the tool bags share the recited features, but denies that they infringe any of the claims.

## COUNT I

### Infringement of U.S. Patent No. 11,986,946

51. Regarding paragraph 51, ToughBuilt reiterates its responses to the paragraphs above as though fully set forth herein.

52. Regarding paragraph 52, the allegations are denied.

53. Regarding paragraph 53, the allegations are denied.

54. Regarding paragraph 54, the allegations are denied.

55. Regarding paragraph 55, the allegations are denied.

56. Regarding paragraph 56, ToughBuilt denies that it ever received any letter from Meridian's counsel dated June 25, 2024. ToughBuilt lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in Paragraph 56 of the Complaint and, on that basis, denies them.

57. Regarding paragraph 57, the allegations are denied.

## COUNT II

### Infringement of U.S. Patent No. 11,192,689

58. Regarding paragraph 58, ToughBuilt reiterates its responses to the paragraphs above as though fully set forth herein.

59. Regarding paragraph 59, the allegations are denied.

60. Regarding paragraph 60, the allegations are denied.

61. Regarding paragraph 61, the allegations are denied.

62. Regarding paragraph 62, the allegations are denied.

63. Regarding paragraph 63, the allegations are denied.

64. Regarding paragraph 64, the allegations are denied.

65. To the extent any allegation of the Complaint is not addressed above, it is denied.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, and without admitting that it has the burden of proof on such issues, ToughtBuilt alleges as follows:

### NONINFRINGEMENT

66. ToughBuilt is not infringing any claim of the '946 or '689 patents.

### INVALIDITY

67. The '946 and '689 patents are invalid for failure to comply with 35 U.S.C. §§ 102, 103, and or 112.

### LICENSE

68. ToughBuilt is licensed or sublicensed by Lowe's under the '946 and '689 patents in connection with the accused products. More specifically, and as set forth in the Counterclaims below, which are incorporated herein by reference, as part of Meridian's Master Standard Buying Agreement ("MSBA") with Lowe's,

1. ████████████████████████████████████████████
2. ██████████████████████████████████████ including, at the least, on
3. patents related to the products at issue in this case. Indeed, Meridian previously
4. accused Lowe's of infringement of the '689 patent based on Lowe's sale of the
5. Kobalt tool bag that is the basis for Meridian's claim of infringement of the '689
6. patent in the instant case. In response, Lowe's explained that it and its vendors had
7. a license to sell the tool bag pursuant to the MSBA.

69. ToughBuilt is a third-party beneficiary of that term in the MSBA because ToughBuilt falls within the definition of ████████████████ in the MSBA.

### OWNERSHIP OF THE '689 PATENT

70. Lowe's, not Meridian, is the equitable owner of the '689 patent. Specifically, Meridian and Lowe's are party to a Confidentiality and Ownership Agreement ("COA") that provides, among other things, ████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████ On information and belief, Lowe's provided such ████████
████████ to Meridian, either directly or indirectly through an intermediary, in connection with the COA between Lowe's and Meridian to have Meridian manufacture the Kobalt modular toolbox covered by the '689 patent. On information and belief, the Kobalt CaseStack products meet the definition of ████████
████████ and is covered by the '689 patent. Indeed, in correspondence relating to Meridian's claim that Lowe's is infringing the '689 patent, Lowe's advised Meridian that it provided such information and that it is the rightful owner of the '689 patent. Lowe's has demanded that Meridian assign the '689 patent to Lowe's. On information and belief, Meridian has not responded to the correspondence from Lowe's demanding such assignment.

## RESERVATION OF RIGHTS

ToughBuilt reserves the right to assert other defenses as supported by subsequent evidence obtained through discovery.

## COUNTERCLAIMS FOR NON-INFRINGEMENT, INVALIDITY, AND LICENSE

In further response to the Complaint, ToughBuilt alleges as follows:

1. ToughBuilt re-alleges its responses to the Complaint, and its Affirmative Defenses as if fully set forth herein.

2. There is a justiciable controversy between the parties as to whether ToughBuilt has infringed any of Meridian's patent rights, including any claims of the '946 and '689 patents.

3. ToughBuilt has not infringed any of Meridian's patent rights, including, without limitation, any claims of the '946 and '689 patents.

4. ToughBuilt is entitled to a declaratory judgment that it has not infringed any of Meridian's patent rights, including any claims of the '946 or '689 patents.

5. There is a justiciable controversy between the parties as to whether ToughBuilt has a license, or at least a sublicense, from Lowe's to make the accused products for Lowe's. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

6. Meridian has sold to Lowe's through a distributor -- modular toolboxes that Lowe's sells under the brand Kobalt.

7. Meridian has also sold and "desire[d] to sell" (e.g., offered to) other

-9-

1  products to Lowe's, including other storage products.

2  8.   █████████████████████████
3  ████████████████████████████████
4  ████████████

5  9.  ████████████████████████
6  ████████████████████████████████
7  ████████████████████████████████
8  ████████████████████

9  10. ████████████████████████
10 ████████████████████████████████
11 ████████████████████████████████
12 ████████████████████████████████
13 ████

14 11. ████████████████████████
15 ███████████████████████████████.
16 12. ████████████████████████
17 ████████████████████████████████
18 ████████████████████████████████
19 ████████████████

20    13.  Meridian and Lowe's are party to a Confidentiality and Ownership
21 Agreement dated January 8, 2016 ("COA").  The COA remains in effect between
22 Meridian and Lowe's.

23    14.  ████████████████████
24 ████████████████████████████████
25 ████████████████████████████████
26 ████████████████████████████████
27 ████████████████████████████████
28 ████████████████████████████████

15. [REDACTED]

16. [REDACTED]

17. By letter dated November 27, 2023, Meridian accused Lowe's of infringing the '689 patent by its sale of the same Kobalt tool bag product accused in the Complaint. In the letter, Meridian stated that it "manufactures and sells through its distributor nearly all of the Kobalt CaseStack branded toolboxes … ."

18. [REDACTED] (emphasis added).

19. [REDACTED]

20. In response to that letter, Lowe's, by letter dated April 3, 2024, explained that the MSBA encompassed, at the least, any products sold or offered to Lowe's, and Lowe's had offered "no fewer than 15 storage-related products." In that letter, Lowe's also asserted that is "owned" the '689 patent based on Meridian

obtaining Lowe's ▮▮▮▮▮▮▮▮▮▮ ("LPE") and incorporation of design elements from the LPE materials into the Kobalt-branded products that Meridian supplied to Lowe's. Lowe's then demanded that Meridian execute an assignment of the '689 patent to Lowe's.

21. On information and belief, Meridian never responded to that demand or letter as of the date of this pleading.

22. By reason of the MSBA, ToughBuilt, which is a third-party vendor to Lowe's, has a license to the '946 and '689 patents.

23. Pursuant to the COA, Lowe's, not Meridian, is the rightful owner of the '689 patent.

24. There is a justiciable controversy between the parties as to whether the '946 patent is valid.

25. The '946 patent is invalid based on prior art not considered by the United States Patent and Trademark Office during the examination of the '946 patent application, including U.S. Patent No. 11,788,329.

26. ToughBuilt is entitled to a declaratory judgment that the '946 patent is invalid under U.S.C. §§ 102, 103, and/or 112.

27. There is a justiciable controversy between the parties as to whether the '689 patent is valid. On information and belief, discovery will establish that the '689 patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112, because of, without limitation, prior art that was not considered by the United States Patent and Trademark Office during examination of the '689 patent application.

28. ToughBuilt is entitled to a declaratory judgment that the '689 patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112.

**REQUEST FOR RELIEF**

Wherefore, ToughBuilt requests that the Court grant the following relief:

(a) for judgment in favor of ToughBuilt on all the parties' claims;

(b) for dismissal with prejudice of Meridian's claims of infringement;

-12-
8:24-cv-01840-JWH-JDE
AMENDED ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

(c) for declaratory judgment that ToughBuilt has not infringed any of Meridian's patent right, including any rights under the '946 or '689 patents;

(d) for declaratory judgment that the '946 patent is invalid;

(e) for declaratory judgment that the '689 is invalid;

(f) for an injunction precluding Meridian from asserting to others, including ToughBuilt's customers and distributors, that ToughBuilt is infringing Meridian's patent claims under the '946 or '689 patents;

(g) for an award of ToughBuilt's reasonable attorney's fees and costs, pursuant to 35 U.S.C. § 285, or as otherwise permitted by law, because, at the least, Meridian brought this action in bad faith, meaning that it knew or should have known that its infringement allegations are meritless but brought such claims for anti-competitive purposes, and because the infringement allegations are objectively meritless; and

(h) for such other and further relief that the Court deems just and proper.

Dated: November 1, 2024

**PERKINS COIE LLP**

Respectfully submitted,

By: */s/ Ramsey M. Al-Salam*
    Ramsey M. Al-Salam, CA Bar No. 109506
    RAlsalam@perkinscoie.com
    Ruben Tyler Kendrick, *pro hac vice*
    RKendrick@perkinscoie.com
    PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
    Seattle, Washington 98101-3099
    Telephone: (206) 359.8000
    Facsimile: (206) 359.9000

    Miguel J. Bombach, CA Bar No. 274287
    MBombach@perkinscoie.com
    PERKINS COIE LLP
    11452 El Camino Real, Ste 300
    San Diego, California 92130-2080
    Telephone: (858) 720.5700
    Facsimile: (858) 720.5799

    Attorneys for Defendant
    ToughBuilt Industries, Inc.